**In re BROWN et al.**

**BROWN et al. v. STATE BANK OF HARDINSBURG.**

**No. 7574.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1941.

702

Samuel E. Cook, of Huntington, Ind., and C. R. McBride, of New Albany, Ind., for appellants.

Telford B. Orbison, of New Albany, Ind., Frank S. Houston, of Salem, Ind., and J. F. Williamson and John S. Grimes, both of Louisville, Ky., for intervener-appellee Federal Land Bank of Louisville.

Robert C. Bulleit, of New Albany, Ind., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On March 4, 1939, the appellee filed in the Circuit Court of Orange County, Indiana, a complaint to foreclose a mortgage given by the appellants to the appellee, on a certain tract of land in Orange County, Indiana, consisting of 125 acres.

On September 25, 1939, appellee filed its amended complaint, making certain judgment creditors of the appellants parties. On November 20, 1939, the court entered a judgment of foreclosure, and authorized the sale of said land. After the expiration of a year from the date of filing the complaint for foreclosure, the sheriff of Orange County sold the real estate to the appellee on May 25, 1940, and on June 1, 1940, delivered a deed therefor to the appellee.

On May 28, 1940, an entry was made in the Clerk's Docket in the District Court for the Southern District of Indiana, which recited that the appellants filed their voluntary petition in bankruptcy under Sec. 75, Bankr.Act, 11 U.S.C.A. § 203, but the record shows, and the District Court found, that they actually filed a regular petition and schedules, although they in good faith intended to file a proceeding under Sec. 75. The appellants realized they had made a mistake and had not filed a petition under Sec. 75, and the record shows that on the same date they withdrew the petition that day filed. The record then recites: "Comes now the debtors * * * and withdraw their petition filed on May 28, 1940 on account of it being wrongfully filed."

On June 4, 1940, the record shows, a proper petition and schedules were filed under Sec. 75.

We think this withdrawal did not amount to a dismissal. Obviously, the pa-

pers were withdrawn from the file for the purpose of correction. This view is supported by the fact that the filing on June 4, 1940, carried the same number on the District Court Docket as was assigned to the case when filed May 28, 1940.

We therefore hold that the second filing was an amendment to the first proceeding, and relates back to the original filing, and therefore there was on May 28, 1940, a proceeding pending under Sec. 75. United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893; Interstate Refineries, Inc., v. Barry, 8 Cir., 7 F.2d 548, 550; General Orders in Bankruptcy 37, 11 U.S.C.A. following section 53; Federal Rules of Civil Procedure, rule 15(c), 28 U.S.C.A. following section 723c.

When the appellants filed their amended petition on June 4, 1940, they scheduled as one of their assets the 125 acres of land which the sheriff had sold to appellee on May 25, 1940. The appellee moved to strike this land from the bankruptcy schedule and the court sustained the motion, and ordered the land stricken from the schedule. From that order, the appellants prosecute this appeal.

It is the contention of the appellants that since the deed was not delivered until after their petition under Sec. 75 was filed, the property came into the jurisdiction of the bankruptcy court and was properly scheduled. The appellee says the equity of redemption was cut off by the sale on May 25, and therefore there was no property or any equity or right in such property left in the appellants, for the bankruptcy court to assume jurisdiction of.

Burns Indiana Statutes (1933) Sec. 3-1801, provides: "In any proceeding for the foreclosure of any mortgage hereafter executed on real estate, no process shall issue for the execution of any such judgment or decree of sale for a period of one (1) year after the filing of a complaint in any such proceeding. * * *"

There is no question but what the year had expired before the sale was held, and the regularity of the sale is not questioned. Did the sale cut off the equity of redemption?

Burns Indiana Statutes (1933) Sec. 3-1803, provides: "At any time prior to the sale, any owner or part owner of the real estate may redeem the same from the judgment by payment to the clerk, prior to the issuance to the sheriff of the judgment and

decree or to the sheriff thereafter, of the amount of the judgment, interest and costs, for the payment or satisfaction of which the sale was ordered, in which event no process for the sale of the real estate under such judgment shall be issued or executed but the officer so receiving payment shall satisfy such judgment and the order of sale shall be vacated * * *."

The Indiana courts have not construed this provision of the statute. Counsel on both sides agreed the statute had not been construed by the Indiana courts, and we are unable to find any case construing this section. We decline to anticipate by our decision what the construction of this statute by the Indiana courts may be. Without deciding, we will assume for the sake of the argument that the equity of redemption is cut off by the sale. Under the practice in Indiana, as we understand it, neither the sale needs to be confirmed, nor the deed of the sheriff approved by the court.

The question therefore narrows down to this: admitting that the equity of redemption was cut off by the sale, did that prevent the bankruptcy court from obtaining jurisdiction of the property where the petition under Sec. 75 was pending before the deed was delivered?

Paragraph n of Sec. 75, 11 U.S.C.A. § 203, sub. n, reads in part as follows: "The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, the right or the equity of redemption where the period of redemption has not or had not expired, or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition."

If the statute had stopped with the words "including all real or personal property, or any equity or right in any such property," there would be much force in the argument of appellee that the mortgagor had no equity or right in the property after the

equity of redemption was cut off by a regular and legal sale. Then there would be nothing left but the bare legal title. If the sale were invalid, of course there was no sale and the equity would not be cut off.

■ The jurisdiction of the bankruptcy court under Sec. 75 does not depend upon the equity of redemption remaining. That is only one of the interests, rights or equities remaining in the mortgagor, which enables him to bring his property into the jurisdiction of the bankruptcy court. This statute has enumerated a number of other things which, *if undone*, entitles the mortgagor to bring the property in question into the jurisdiction of the bankruptcy court, and one of them is "where deed [has] not been delivered." The non-delivery of the deed is in no way related to the equity of redemption, or required as a part of the process to cut off the equity of redemption. It is simply a fact which, if it exists at the time the petition in bankruptcy is filed under Sec. 75, is of itself sufficient to cast upon the bankruptcy court jurisdiction of the property.

This is further borne out by the provisions of section 75, sub. n, which says: "In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section."

This clearly provides if at the time of filing the petition the deed had not been delivered, the period of redemption shall be extended. The lack of delivery of the deed is not coupled with the period of redemption, but is separated by the conjunction "or." The bankruptcy statute, in the case where deed has not been delivered and the petition is filed before deed is delivered, not only casts exclusive jurisdiction upon the bankruptcy court, but authorizes extension of the period of redemption "for the purpose of carrying out the provisions of this section."

■ Since the mortgage in this case was given after the Bankruptcy Act was passed, we think there can be no question of the right of Congress to pass such legislation under its powers to enact bankruptcy legislation. Wright v. Vinton Branch, 300 U.S. 440, 470, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370.

■ We therefore hold that since the deed had not been delivered at the time, to wit, May 28, 1940, the petition under Sec. 75 was filed, that the filing of the petition cast upon the bankruptcy court exclusive jurisdiction, and although the equity of redemption may have been cut off by the sale, the bankruptcy statute authorized the avoidance of that fact and an extension of the period of redemption for the purpose of carrying out the salutary provisions of the Bankruptcy Act.

The judgment is reversed.

MAJOR, Circuit Judge (dissenting).

I do not agree with the construction placed upon the section of the Bankruptcy Act in controversy. In my opinion the debtors, at the time of filing their petition, either had an interest in the property and therefore entitled to the benefits of the Act, or had no interest and not entitled to such benefits. I think the court should take one horn or the other of the dilemma. Apparently the majority takes both.

The opinion assumes that the debtors' equity of redemption terminated with the Sheriff's sale. Why assume? There is no ambiguity in the Statute. By its plain terms, the equity of redemption was terminated. In addition to the provisions of the Indiana Statute quoted in the opinion, Sec. 3-1808 provides as follows: "Mortgages executed after June, 1931—Redemption.—There shall be no redemption from foreclosures of mortgages hereafter executed on real estate except as provided for under this act."

Upon the expiration of the period of redemption, every right, claim and interest which the debtors had in the property was extinguished. After the sale the debtors would have had no right to redeem even had they possessed the ability to do so. They could have conveyed nothing by deed or otherwise. As was said in Glenn v. Hollums, 5 Cir., 80 F.2d 555, 557: "* * *. Nothing remains to be done to complete the superior title which passed by the sheriff's sales, except the purely ministerial act of delivering the sheriff's deed, * * *."

Delivery of the deed was not necessary to vest complete ownership in the purchaser. Shreiner et al. v. Farmers' Trust Co. of Lancaster, 3 Cir., 91 F.2d 606, 607; 19 R.C.L. Sec. 442. It was only evidence of

the title acquired by such purchaser. At most, the debtors retained nothing other than legal title, in trust for the purchaser. 42 C.J. Sec. 1891. There is no occasion to labor this point further in view of the reasoning of the majority.

It is difficult for me to comprehend the reasoning employed in the construction placed upon Section 75, sub. n. Perhaps that is the reason I am unable to agree. The phrase "or where deed has not been delivered" is held to "authorize extension of the period of redemption." This, in my opinion, is a fallacious interpretation, inconsistent with the purport of the paragraph when read in its entirety. It is provided that the filing of a petition " * * * shall immediately subject the farmer and all his property * * * to the exclusive jurisdiction of the court * * * or any equity or right in any such property, * * *." I think it is readily apparent that all the enumerated circumstances which follow are dependent upon the premise that the debtor, upon filing his petition, be possessed of an "equity or right" in the property. If no such right or equity exists, none of the contingencies, including the one here relied upon, can be effective. For instance, among the contingencies enumerated are— " * * * contracts for purchase, contracts for deed, or conditional sales contracts, * * *." Under the majority construction it would follow that a debtor who, at the time of the filing of his petition, possessed one of these instruments, would bring into the jurisdiction of the Bankruptcy Court, any land described therein, and this irrespective of the fact that any equity or interest in such land had long before expired. In the same category is the phrase "where deed had not been delivered." There may be situations where the debtor has an "equity or right" until the delivery of a deed. There must be other cases—in fact, this is one—where the extinguishment of his "equity or right" was not dependent upon such delivery.

The construction placed upon the paragraph by the majority would, in my judgment, render it unconstitutional. Neither the Wright nor Kalb case, cited by the majority, sustains such construction. In both those cases, the court was dealing with a property right which the debtor had at the time of the filing of his petition. It seems pertinent to quote what the court in the Kalb case, 308 U.S. 433, on page 442, 60 S.Ct. 343, on page 347, 84 L.Ed. 370, said: "As stated by the Senate Judiciary Committee in reporting these amendments: ' * * * subsection (n) brings all of the bankrupt's property, wherever located, under the absolute jurisdiction of the bankruptcy court, where it ought to be. Any farmer who takes advantage of this act ought to be willing to surrender all his property to the jurisdiction of the court, for the purpose of paying his debts, and for the sake of uniformity. * * * ' "

In Wright v. Union Central Ins. Co., 304 U.S. 502, on page 514, 58 S.Ct. 1025, on page 1032, 82 L.Ed. 1490, the court, in discussing the power of Congress to extend the period or redemption, as fixed by State law, said: " * * * The debtor has a right of redemption of which the purchaser is advised, and until that right of redemption expires the rights of the purchaser are subject to the power of the Congress over the relationship of debtor and creditor and its power to legislate for the rehabilitation of the debtor. * * * "

Further, on page 518 of 304 U.S., on page 1034 of 58 S.Ct., 82 L.Ed. 1490, the court said: " * * * But if Congress is acting within its bankruptcy power, it may authorize the bankruptcy court to affect these property rights, provided the limitations of the due process clause are observed."

In Union Land Bank v. Byerly, 310 U.S. 1, on page 10, 60 S.Ct. 773, on page 777, 84 L.Ed. 1041, the court considered whether the debtor had an interest in the land so as to bring it within the jurisdiction of the Bankruptcy Court, and in deciding adversely to the debtor, said: " * * * Since the foreclosure proceedings had been completed and title had passed thereunder prior to the filing of the debtor's petition for reinstatement, it would have been a vain thing to refer the cause to a conciliation commissioner for administration of property which no longer belonged to the debtor. * * * "

A reading of the cases leaves no doubt of the broad power possessed by Congress in the matter of bankruptcy legislation. The cases are just as convincing, however, that such power is limited to situations where the debtor has some right or interest in the property. Congress can, by legislation, protect, preserve and extend existing rights and interests, but it can not create property rights, nor can it revive an interest or right which has ceased to exist prior to the time a debtor comes into the bankruptcy court. It can administer to the patient as long as a spark of life remains, but when that spark is extinguished, its power no longer exists.

The construction which I place upon the paragraph would give every debtor the benefit of the Act so long as he owned any "equity or right" in the property. I would go no further. I think the action of the District Court was correct and that its order should be affirmed.