NATIONAL LABOR RELATIONS BOARD
v. ROYAL PALM ICE CO.

No. 13735.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1952.

Marvin E. Frankel, Attorney, A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

A. Meredith Woore, Miami, Fla., for respondent.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This petition for enforcement of an order of the National Labor Relations Board was issued against the respondent on January 15, 1951, and is reported in 92 N.L.R.B., No. 196. The Board found, in agreement with the trial examiner, that respondent countered a union-organization movement at its West Palm Beach plant, in July and August, 1949, by interrogating, polling, and otherwise interfering with and coercing, its employees; and by discharging employee Winfield H. Rose because of his union activity, thereby violating Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1, 3). The Board's order requires respondent to cease and desist from such unfair labor practices, and from in any other manner interfering with its employees' exercise of the rights guaranteed to them in Section 7 of the Act, 29 U.S.C.A. § 157. The order affirmatively requires respondent to reinstate employee Rose with back pay, and to post appropriate notices.

█ Respondent is a Florida corporation, engaged in the manufacture and distribution of ice, and is a subsidiary of Southern Public Service Corporation, a holding company, incorporated under the laws of Delaware. It operates twelve plants within the State of Florida, and annually purchases supplies and materials in excess of $100,000, the major portion of which originates outside of the State of Florida. It has approximately 250 employees, and its annual sales approximate $1,000,000. Three of its plants are engaged exclusively in the icing of railroad cars of the Fruit Growers Express Company, moving over the Florida East Coast and the Seaboard Air Lines railroads. The Board has previously found that the respondent was engaged in commerce within the meaning of the National Labor Relations Act. Royal Palm Ice Co., 81 N.L.R.B. 858; 82 N.L.R.B. 879. We think respondent's contention, that it is not engaged in interstate commerce, cannot be sustained. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; National Labor Relations Board v. Holtville Ice & Storage Co., 9 Cir., 148 F.2d 168.

█ The original and first amended charges against respondent were filed with the Board less than six months from the date of the unfair labor practices alleged in the complaint; the second amended charge was not so filed, but it added nothing new to the two prior charges: it merely dropped the charge of violating Section 8 (a)(5), dropped the specification of the employer refusing to bargain collectively, and dropped the name of Dorr C. Everman as one of the employees discriminatorily discharged. Thus the complaint was based on the original and first amended charges, which were filed within the six-months period mentioned in Section 10(c) of the National Labor Relations Act. Cusano v. National Labor Relations Board, 3 Cir., 190 F.2d 898.

█ The formal complaint and notice of hearing were issued on June 30, 1950, the notice of hearing having been signed by the Regional Director for the General Counsel, and on behalf of the Board. Respondent contends that, since the complaint was not signed, it was not validly issued; and, therefore, could be given no effect. The complaint was annexed to the notice of hearing; and, though it may have been more appropriate for both documents to have been officially signed, the signature on the notice of hearing was sufficient to apprise the respondent of the official issuance of both documents.

█ The issues on the merits of the case are whether the respondent interfered with,

 

restrained, and coerced, its employees in violation of Section 8(a)(1) of the Act; and whether the respondent discriminated against Winfield Rose in violation of Section 8(a)(3) of the Act. We think that the Board's finding on each issue was supported by substantial evidence as revealed by the whole record, and that the petition to enforce should be granted.

So ordered.