NATIONAL LABOR RELATIONS BOARD v. NINA DYE WORKS CO., Inc.

No. 10714.

United States Court of Appeals
Third Circuit.

Argued June 16, 1952.

Decided July 24, 1952.

Dominick L. Manoli, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Mark C. Curran, Washington, D. C., on the brief), for National Labor Relations Board.

John F. Reddy, Jr., New York City (Engel, Judge, Miller & Sterling, Francis G. Stapleton, Joseph M. Midler, New York City, on the brief), for Nina Dye Works Co., Inc.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The Labor Board here seeks enforcement of its order in a case where admittedly the national labor organization of which the local charging union is an affiliate did not file certain documents, operational and financial statements with the Secretary of Labor; furnish its members copies of the required financial report and have their officers submit affidavits that they are not members of the Communist Party as called for by Sections 9(f), (g), and (h) of the Act[1] until after the filing of the original and first amended charge. There was a second amended charge alleging discrimination against an employee named Bosserman. That was dismissed by the Board itself.

1. During all periods pertinent to the case Subsections (f), (g), and (h) of Section 9 of the Labor Management Relations Act remained as enacted. 61 Stat. 136, 145, 29 U.S.C.A. §§ 141 et seq., 159(f), (g), and (h), amending the National Labor Relations Act of 1935, 49 Stat. 449, 29 U.S.C.A. § 151 et seq. The above subsections were later amended, 65 Stat. 601, 29 U.S.C.A. § 159(f),(g), and (h). While the Board suggests certain inferences from this, we do not think that the point merits discussion.

"Section 9.

* * * * * *

"(f) No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, no petition under section 9(e) (1) shall be entertained, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless such labor organization and any national or international labor organization of which such labor organization is an affiliate or constituent unit (A) shall have prior thereto filed with the Secretary of Labor copies of its constitution and bylaws and a report, in such form as the Secretary may prescribe, showing—

"(1) the name of such labor organization and the address of its principal place of business;

"(2) the names, titles, and compensation and allowances of its three principal officers and of any of its other officers or agents whose aggregate compensation and allowances for the preceding year exceeded $5,000, and the amount of the compensation and allowances paid to each such officer or agent during such year;

"(3) the manner in which the officers and agents referred to in clause (2) were elected, appointed, or otherwise selected;

"(4) the initiation fee or fees which new members are required to pay on becoming members of such labor organization;

"(5) the regular dues or fees which members are required to pay in order to remain members in good standing of such labor organization;

"(6) a detailed statement of, or reference to provisions of its constitution and bylaws showing the procedure followed with respect to, (a) qualification for or restrictions on membership, (b) election of officers and stewards, (c) calling of regular and special meetings, (d) levying of assessments, (e) imposition of fines, (f) authorization for bargaining demands, (g) ratification of contract terms, (h) authorization for strikes, (i) authorization for disbursement of union funds, (j) audit of union financial transactions, (k) participation in insurance or other benefit plans, and (l) expulsion of members and the grounds therefor;
and (B) can show that prior thereto it has—

"(1) filed with the Secretary of Labor, in such form as the Secretary may prescribe, a report showing all of (a) its receipts of any kind and the sources of such receipts, (b) its total assets and liabilities as of the end of its last fiscal year, (c) the disbursements made by it during such fiscal year, including the purposes for which made; and

"(2) furnished to all of the members of such labor organization copies of the financial report required by paragraph (1) hereof to be filed with the Secretary of Labor.

"(g) It shall be the obligation of all labor organizations to file annually with the Secretary of Labor, in such form as the Secretary of Labor may prescribe, reports bringing up to date the information required to be supplied in the initial filing by subsection (f) (A) of this section, and to file with the Secretary of Labor and furnish to its members annually financial reports in the form and manner prescribed in subsection (f) (B). No labor organization shall be eligible for certification under this section as the representative of any employees, no petition under section 9(e) (1) shall be entertained, and no complaint shall issue

Respondent urges that in the conceded situation the Board did not possess jurisdiction to issue its complaint in this matter and we agree. Section 9(f) provides that "* * * no complaint shall be issued pursuant to a charge * * *" unless the parent organization shall have filed prior thereto copies of the documents named in the subsection, reports and statement as detailed in the paragraph and furnished to all the members copies of the necessary financial report. Section 9(g) requires that annual reports be filed by such organization with the Secretary of Labor bringing up to date the information called for by subsection (f)(A) of this section and further that annual financial reports in the form and manner prescribed in subsection (f)(B) be filed with the Secretary of Labor and furnished its members. Subsection 9(h) states specifically that "* * * no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party * * *."

The Board contends that the statutory filing requirements are conditions precedent only to the issuance of a complaint by the general counsel. That position with

particular reference to 9(h) is directly contrary to its own regulation, Series 5, titled, "Section 102.13 Compliance with section 9 (f), (g), and (h) of the act" which was in effect on the date the charge was filed in this case.[2] 29 CFR 102.13. Subparagraph (b) of Section 102.13 unequivocally states that:

"(b) For the purpose of the regulations in this part, compliance with section 9(h) of the act means in the case of a national or international labor organization, that it has filed with the general counsel in Washington, D. C., and in the case of a local labor organization, that any national or international labor organization of which it is an affiliate or constituent body has filed with the general counsel in Washington, D. C., and that the labor organization has filed with the regional director in the region in which the proceeding is pending:

"(1) A declaration by an authorized representative of the labor organization, *executed contemporaneously with the charge* (or petition) or within the preceding 12-month period, listing the titles of all offices of the filing organization and stating the name of the incumbent, if any, in each such office and the date of expiration of each incumbent's term.

"(2) An affidavit by each officer referred to in subparagraph (1) of this

under section 10 with respect to a charge filed by a labor organization unless it can show that it and any national or international labor organization of which it is an affiliate or constituent unit has complied with its obligation under this subsection.

"(h) No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, no petition under section 9(e) (1) shall be entertained, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer

of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods. The provisions of section 35A of the Criminal Code shall be applicable in respect to such affidavits."

2. Thereafter Series 6 of the Board's Rules and Regulations was adopted, 29 CFR, 1951 Supp., 102. For our purposes the language of Section 102.13 in Series 6 is identical with that which appears in that section in Series 5.

paragraph, *executed contemporaneously with the charge* (or petition) or within the preceding 12-month period, stating that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods." (Emphasis supplied.)

In the one reported United States Court of Appeals decision squarely in point, the Ninth Circuit held that where the necessary non-Communist affidavits of the officers of the parent national labor organization were not on file when the particular charge was made by the affiliated local union, " * * * the Board was not empowered to entertain the charge or to issue the complaint or the order." National Labor Relations Board v. Dant, 195 F.2d 299, 300. While the exact situation has not been passed upon to date by the Supreme Court, that Court in National Labor Relations Board v. Highland Park Manufacturing Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969, strongly upheld the provision of Section 9(h) calling for the officers of the national union with whom the charging local was affiliated to file non-Communist affidavits. The Fourth Circuit decision which had been affirmed in the above referred to opinion stated, "We find no ambiguity in the language of the governing statute. On the contrary it provides as clearly as language can that *the power of the Board may not be invoked* by a labor organization unless there is on file the affidavits which the statute requires executed * * *." 184 F.2d 98, 99. (Emphasis supplied.) And see National Labor Relations Board v. Postex Cotton Mills, Inc., 5 Cir., 181 F.2d 919.

We find no real support for the Board's present position in the citations submitted on behalf of that body. Nor do we think that there is anything helpful, as is urged, to the Board's attempted construction of 9 (h) in Senator Taft's "Supplemental Analysis of Labor Bill [Taft-Hartley Act] As Passed." Legislative History of the Labor Management Relations Act, 1947, Vol. II. p. 1625. The Senator did say that the purpose of 9(h) was to make the filing of the non-Communist affidavits " * * * a condition precedent to use of the processes of the Board * * *" but it can hardly be inferred from this that in the Senator's opinion the charge, without which no complaint can be issued, is not to be considered part of the processes of the Board. Congressman Hartley, jointly responsible with Senator Taft for the 1947 Labor Management Relations Act, left no doubt as to the meaning of 9(h) when he said:

"Lest there be any doubt as to what we meant when we wrote that Section, I want to put down here exactly what I had in mind and also report that not a single member of the House Labor Committee or the joint House-Senate Conference Committee ever indicated that it meant anything else.

"I meant that no local union could petition for an election or file an unfair labor practice charge unless the officers of that local and the officers of the international union and the officers of whichever of the two major labor organizations the international was affiliated with, had filed non-communist affidavits." Hartley: "Our New National Labor Policy", Funk & Wagnalls Company, page 162.

From the wording of the statute, the construction placed upon it by the Board in its Regulation 102.13, its legislative history and the trend of the pertinent decisions, we are entirely satisfied that the Dant case was correctly decided. Therefore we hold that in this matter the Board was without jurisdiction to issue its complaint.

There is one incident in the case which occurred a few weeks prior to the hearing and after the national union's compliance with Section 9(f), (g), and (h). At that time, Blauser, one of respondent's employees, admittedly had just been properly interrogated by an attorney of respondent at the plant office. Rhodes, president of respondent, had been present. After giving the information requested, Blauser

waited for his statement to be typed up. Rhodes was also waiting and at that time Rhodes allegedly asked Blauser why he had been so strongly in favor of the union during the early stages of the organizational campaign. Rhodes denied this. Assuming that he did make such inquiry, under all the facts, it was of no consequence and the episode itself was trivial and harmless.

The petition of the Board for enforcement of its order will be denied and its said order will be set aside and for nothing holden.