## NATIONAL LABOR RELATIONS BOARD v. ATLANTA METALLIC CASKET CO.

No. 14026.

United States Court of Appeals
Fifth Circuit.

July 10, 1953.

932

Thomas McDermott, Atty., A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, Washington, D. C., George J. Bott, Gen. Counsel, Marcel Mallet-Prevost, Atty., N. L. R. B., Washington, D. C., for petitioner.

A. G. Cleveland, Jr., and M. E. Kilpatrick, Atlanta, Ga., Smith, Kilpatrick, Cody, Rogers & McClatchey, Atlanta, Ga., of counsel, for respondent.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This is a petition for enforcement of an order issued against respondent on October 24, 1950. The decision and order of the Board are reported at 91 N.L.R.B. 1225.[1]

1. Briefly, the Board found that respondent, by interrogation of its employees concerning their Union adherence, by surveillance of a Union meeting and threats against the Union supporters and promises of benefits made to induce employees to renounce the Union, had interfered with, restrained, and coerced its employees, in violation of Section 8(a) (1) of the Act; further, that respondent had laid off a named employee and refused to recall four additional named employees because of their Union activities, in violation of the Act. The Board order contains the usual cease and desist provisions and requires respondent to offer reinstatement and back pay to the employees found discriminatorily discharged and unlawfully denied reinstatement.

Respondent has filed a motion to dismiss the Board's petition for enforcement on the ground that the entire Board proceedings and order were invalid for lack of jurisdiction because the C. I. O., with which the charging Union was affiliated, was not in compliance with Section 9(h) of the Act, 29 U.S.C.A. § 159(h), at the time the Board issued its complaint.

It appears without dispute that the Board's original complaint against respondent was issued on December 20, 1949, upon a third and last amended charge filed by United Paper-workers of America, C. I. O., that same date; that the charging Union was admittedly not in compliance with Section 9(h) when the complaint was issued because of noncompliance by its parent organization, the C. I. O.; that the C. I. O. did not comply until December 22, 1949, two days after the original complaint was issued. The complaint was duly served upon respondent with a notice of hearing for January 3, 1950, later postponed to January 10, 1950. The Board amended its complaint on January 10, 1950. There was no new notice of hearing, but the hearing before the Trial Examiner took place from January 10th through January 13th, 1950, and the Board issued its order on October 24, 1950.

On this jurisdictional issue, the Board contends that its complaint, amended as of January 10, 1950, after the C. I. O. was in compliance, is complete in itself, and sufficient, therefore, to support the Board's jurisdiction throughout; that, since there would have been no question as to the Board's jurisdiction had its General Counsel either waited two days and filed the original complaint after compliance, or withdrawn the original complaint and issued a new complaint after the compliance date, the defect in the proceedings, if any, is not jurisdictional, but merely technical and without substance or merit; finally, though the original complaint was insufficient to confer jurisdiction, the fact that it was outstanding at the time did not deprive the Board of jurisdiction to proceed upon the subsequently amended complaint, which was sufficient.

Respondent, strongly urging that since the decision of the Supreme Court in N. L. R. B. v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969, and this Court's decision in N. L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F.2d 919, compliance with Section 9(h) of the Act is a jurisdictional prerequisite to the validity of Board proceedings, contends that nothing in the Act or the Board's rules and regulations authorizes the institution of a new and separate Board proceeding for jurisdictional purposes by amendment; that the amendment of the original complaint on January 10, 1950, did not, therefore, constitute the issuance of a complaint under Section 10(b) of the Act; that it was never intended that the charging Union's compliance with Section 9(h) subsequent to the issuance of the original complaint but prior to the date of an amendment would be sufficient to support the Board's jurisdiction, and to uphold it in such instances would defeat the Congressional purpose for which the Section 9(h) provision was passed.

Section 9(h) of the Act, 29 U.S.C.A. § 159(h), reads in part as follows:

"No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection(b) of section 160 of this title, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods. * * *."

Section 10(b) of the Act, 29 U.S.C.A. § 160(b), provides for the filing of charges, issuance of complaints and amendments thereto in pertinent part as follows:

"Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint: * * * Any such complaint may be amended by the member, agent, or agency conducting the hearing or the Board in its discretion at any time prior to the issuance of an order based thereon."

Section 102.17 of the Board's rules and regulations issued pursuant to the Act and referring to the allowance of amendments reads:

"Any such complaint may be amended upon such terms as may be deemed just, prior to the hearing, by the regional director issuing the complaint; at the hearing and until the case has been transferred to the Board pursuant to section 102.45, upon motion, by the trial examiner designated to conduct the hearing; and after the case has been transferred to the Board pursuant to section 102.45, at any time prior to the issuance of an order based thereon upon motion, by the Board." Code Fed. Regs., Title 29, Labor, Chap. 1, Sec. 102.17.

The decision of the Supreme Court in the recent case of N. L. R. B. v. Dant, 344 U.S. 375, 73 S.Ct. 375, though holding that compliance with Section 9(h) of the Act at the time the charge was filed is not essential to support the Board's jurisdiction, contains language indicating that such compliance is a jurisdictional prerequisite to the issuance of a valid complaint, viz.:

"In respondent's view, and in the view of the Courts of Appeals that have considered this issue, § 9(h) precludes noncomplying unions from filing 'valid' charges, and prohibits the Board from taking any action on a charge filed by a noncomplying union. We do not agree. Section 9(h) prohibited the Board from doing three things. It specifically stated that 'unless' the prerequisite affidavits had been filed, the Board shall not (1) make an 'investigation' as authorized by § 9(c) concerning the representation of employees; (2) entertain a 'petition under section 9(e)(1),' as it then stood; or (3) issue a 'complaint * * * pursuant to a charge made by a labor organization under subsection (b) of section 10.' It does not by its terms preclude either the filing of a charge by a noncomplying labor organization or the entertainment of the charge by the Board. * * *

"The 'unless' clause limits the issuance of a 'complaint'." 344 U.S. 375, 379, 73 S.Ct. 375, 378.

In the Dant case, supra, the charging Union was in full compliance at the time the complaint was issued,[2] and the Court in effect adopted the Board's then position "that § 9(h) required compliance 'at the time of the issuance of the complaint, rather than at the time of the filing of the charge.'" 344 U.S. 375, 377, 73 S.Ct. 375, 377. The Board now seeks to extend the rule of the Dant case, supra, so as to render the jurisdictional defect of noncompliance by the charging Union when the complaint is issued curable by a subsequent amendment after compliance. The expression "no complaint shall be issued" in Section 9(h) applies more properly, we think, to the original complaint, which leaves the hands of the Board and is served upon the respondent, than it does to an amended complaint, as to which no service

2. In this connection, the opinion recites: "Affidavits executed by the officers of the C.I.O. were filed with the Board prior to the issuance of the complaint but subsequent to the filing of the charge." 344 U.S. 376, 377, 73 S.Ct. 375, 377.

is provided. It is significant that Section 10(b) of the Act, 29 U.S.C.A. § 160(b), quoted supra, speaks of the power "to issue and cause to be served" a complaint, and then simply that such complaint "may be amended". Nowhere in the Act is the word "issue" used with reference to an amended complaint. The power to issue a complaint is confined to the Board or to an agent or agency designated by the Board for such purpose, while the authority to amend a complaint is vested in the "member, agent, or agency conducting the hearing", Section 10(b) of the Act, 29 U.S.C.A. § 160(b) quoted supra. By Section 102.17 of the Board's rules and regulations, quoted supra, the regional director has authority to amend a complaint, but it would seem that his authority to issue a complaint would have to be conferred by the Board in each case after due consideration by the Board, for in the issuance of a complaint the Board exercises a discretionary or judicial function. N.L.R.B. v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394, 87 L.Ed. 579; Lincourt v. N. L. R. B., 1 Cir., 170 F.2d 306; N. L. R. B. v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433; Haleston Drug Stores v. N. L. R. B., 9 Cir., 187 F.2d 418; N. L. R. B. v. Barrett Co., 7 Cir., 120 F.2d 583. "The case between the Board and the employer begins with the complaint prepared by the Board." N. L. R. B. v. Tex-O-Kan Flour Mills Co., supra, 122 F.2d at page 437; see N. L. R. B. v. Bradley Washfountain Co., 7 Cir., 192 F.2d 144, 149. It is only "any such complaint", that is one theretofore issued by the Board or its duly designated agent or agency, which "may be amended". [See 10(b) of the Act, 29 U.S.C.A. § 160(b), quoted supra.]

■ We do not think that the issuance of a complaint provided for in Section 9(h) of the Act should be construed so as to include an amendment of a complaint under Section 10(b), particularly where, as here, the amendment admittedly contained no new notice of hearing as required for "a complaint" under Section 10(b), the original complaint was never withdrawn, and there is nothing otherwise to indicate that the Board itself intended thereby to initiate a new and independent proceeding. Rather the amendment seems to have been for the purpose of adding charges relating to a strike at respondent's plant which took place on January 9, 1950.[3] We find nothing either in the language of the Act or the Board's rules and regulations which can be reasonably construed to authorize the Board to institute a wholly separate proceeding for jurisdictional purposes by amendment.

The Board's reliance upon this Court's decision in N. L. R. B. v. Harris, 5 Cir., 200 F.2d 656, as authority for its position that compliance at the time the complaint was amended is sufficient, is obviously misplaced. That case involved the jurisdictional issue of whether compliance with Section 9(h) "at the time the last amended charge was filed" and "when the complaint issued" could properly be regarded under all the facts and circumstances as compliance at times "relevant to this proceeding". N. L. R. B. v. Harris, supra, 200 F.2d at page 658. In upholding the validity of the Board's proceedings and order, the Court noted that the complaint was based on all the charges, the last of which alleged a continuing violation, and that the order was limited to violations occurring after the compliance date.[4] Here, the inquiry is

---

3. The Board is not seeking enforcement of the refusal to bargain provisions of its order based on these additional charges and findings since the decision in National Labor Relations Board v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969, for the reason that at the time of its certification the Union was not in compliance with Section 9(h) of the Act, because of non-compliance by the C. I. O.

4. The Harris case, supra, was decided before the decision of the Supreme Court in N.L.R.B. v. Dant, supra, and after this Court had held that there must be compliance at the time the charge was filed. N.L.R.B. v. American Thread Co., 5 Cir., 198 F.2d 137; see also N.L.R.B. v. Nina Dye Works Co., 3 Cir., 198 F.2d 362, and Supreme Court per curiam opinion reversing both of these decisions in reliance upon the Dant case, supra, 344 U.S. 924, 73 S.Ct. 390.

whether compliance after all of the alleged unfair labor practices have occurred, all of the charges have been filed, and after the complaint has been issued, but before amendment to the complaint, is sufficient to support the Board's jurisdiction and order. We hold that it is not.

■ With regard to the suggestion that the Board in its discretion might have insured the validity of the present proceedings and order by filing either a new or later complaint, we deem it appropriate to observe that the jurisdictional issue can properly be resolved only in the light of the action taken, and not by a hindsight view of what the Board might have been authorized to do had its discretion been lawfully exercised. The Board, like all statutory and administrative agencies, is governed strictly by the statute from which it derives its existence, and equitable considerations in support of its jurisdiction are inappropriate for judicial inquiry where such jurisdiction was not properly invoked or does not otherwise exist. As the Supreme Court observed in N. L. R. B. v. Highland Park Mfg. Co., 341 U.S. 322, 325, 71 S.Ct. 758, 761, 95 L.Ed. 969, "The Board is a statutory agency, and, when it is forbidden to investigate or entertain complaints in certain circumstances, its final order could hardly be valid."

In support of its jurisdiction the Board further relies on authorities to the effect that "the issuance of an amended pleading, which is complete in itself and incorporates a prior pleading, may supersede and extinguish the former and by itself constitute a new pleading",[5] and "the fact that an original petition is insufficient to confer jurisdiction does not deprive the court of jurisdiction to proceed upon an amended petition which is sufficient."[6] Generally these cases [footnotes (5) and (6) below] deal with procedural rules under divergent statutes in widely varying jurisdictions, and none of them are sufficiently persuasive authority for the proposition that an amendment of the Board's complaint after jurisdiction could lawfully attach was the equivalent of issuing a valid complaint within the meaning of the Act. Any persuasive effect of these cases is more than overcome it seems to us by other decisions holding that the issue of existence or nonexistence of Federal jurisdiction is determinable from the facts at the time the suit or proceeding is commenced, and that subsequent changes can neither confer nor divest it.[7]

■ When it suited its purpose, the Board has not hesitated to insist upon the doctrine of relation back of amendments. See N. L. R. B. v. Gaynor News Co., 2 Cir., 197 F.2d 719, 721; Cusano v. N. L. R. B., 3 Cir., 190 F.2d 898, 903; N. L. R. B. v. Royal Palm Ice Co., 5 Cir., 193 F.2d 569, 570. That doctrine has been incorporated into the Federal Rules of Civil Procedure, Rule 15(c).[8] In the application of that

5. Citing Clearwater v. Meredith, 1 Wall. 25, 17 L.Ed. 604; Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & R. Co., 8 Cir., 68 F.2d 787, 788; Aetna Life Ins. Co. v. Phillips, 10 Cir., 69 F.2d 901, 903; Grubbs v. Smith, 6 Cir., 86 F.2d 275, certiorari denied 300 U.S. 658, 57 S.Ct. 437, 81 L.Ed. 867; U. S. v. Gentry, 8 Cir., 119 F. 70, 75; Bedell v. Baltimore & O. R. Co., D.C., 245 F. 788, 790; Bator v. Hungarian Commercial Bank of Pest, D.C., 90 F.Supp. 609, 611.

6. Citing inter alia, Herr v. Herr, 35 Wash. 2d 164, 211 P.2d 710, 712; 71 C.J.S. Pleadings, § 320, p. 714; cf. Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 574–576, 33 S.Ct. 135, 57 L. Ed. 355; Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567, 571–572; Deupree v. Levinson, 6 Cir., 186 F.2d 297, 301–303, certiorari denied 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351.

7. See Minneapolis & St. Louis R. Co. v. Peoria & Pekin Union Ry. Co., 270 U. S. 580, 46 S.Ct. 402, 70 L.Ed. 743; Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687; Ford, Bacon & Davis v. Volentine, 5 Cir., 64 F.2d 800, 801; Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535, 537; Royalty Service Corporation v. City of Los Angeles, 9 Cir., 98 F.2d 551, 554; Thompson v. Moore, 8 Cir., 109 F.2d 372, 373; Texas Pac. Coal & Oil Co. v. Mayfield, 5 Cir., 152 F.2d 956, 957; Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 886, 165 A.L.R. 1068; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 141 A.L.R. 565; see also 14 Am.Jur., Courts, Sec. 168, p. 368, and ibid. 1952 Cum.Supp.

doctrine, certainly no regard should be given to which party will be benefited. If we consider that the amended complaint arising out of the same conduct as the original relates back to the date of the original complaint, then, obviously it is ineffective to vest jurisdiction in the Board. Here, nothing in the Act or regulations appearing to authorize the institution of a new and separate Board proceeding by amendment, the instant proceeding must be considered as having been begun upon the issuance of the original complaint, at which time the Board admittedly had no authority to act because of non-compliance by the C. I. O.

 Finally, the over-all purpose of Section 9(h) of the Act, 29 U.S.C.A. § 159 (h), as phrased in the Dant Case, 344 U.S. 375 at page 382, 73 S.Ct. 375, at page 379, "is that the benefits of the Act may not flow to a labor organization unless the non-Communist affidavits are on file." In this case by virtue of the notice of hearing served with the original complaint, and without any new notice, the Board was able to proceed with the hearing without delay on the very day of the amendment. That may or may not have been a material benefit to the charging union.

In the Dant Case, supra, the Supreme Court has construed Section 9(h) of the Act to prescribe a definite and precise time for the jurisdictional test, namely, compliance at the time of the issuance of the complaint. If we now extend that time to a subsequent amendment, then, we might

be starting a kind of judicial erosion which would ultimately remove any necessity for compliance by a charging union in a Section 8(a), 29 U.S.C.A. § 158(a), case up until the Board is ready to render its decision.[9]

The Petition for Enforcement of the Order of the Board is hereby

Dismissed.

---

8. See 41 Am.Jur., Pleading, Sec. 315, p. 509; 36 Words & Phrases, Relation Back, p. 755; 27 C.J.S., p. 1310, notes 88–95; Cf. Rule 15(c), F.R.C.P., 28 U.S.C.A. Note 25; 3 Moore's Federal Practice, 2d ed., Sec. 15.05, p. 817; ibid. Sec. 15.09, p. 836. As the rule is stated in 41 Am.Jur., Pleading, Sec. 302, p. 498, "It is an essential element of an amendment that it must relate to the time of, or prior to the time of, the filing of the complaint or declaration. The nonexistence of a cause of action when the suit was begun cannot be cured by an amendment to cover the subsequently accruing right." See also Texas Portland Cement Co. v. McCord, 233 U.S. 157, 164, 34 S.Ct. 550, 58 L.Ed. 893;

Annotation 125 A.L.R. 619; Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, 267; Eveland v. Detroit Machine Tool Co., D.C.Mich., 18 F.2d 968, 970; Cf. Illinois Surety Co. v. U. S. to Use of Peeler, 240 U.S. 214, 222, 36 S.Ct. 321, 60 L.Ed. 609; Fleischmann Const. Co. v. United States, 270 U.S. 349, 359, 46 S.Ct. 284, 70 L.Ed. 624; In re Brown, 7 Cir., 124 F.2d 701, 703.

9. That is particularly true in view of the fact that Section 10(b) of the Act, 29 U.S.C.A. § 160(b), and Section 102.17 of the Board's rules allow amendments to the complaint at any time prior to the issuance of an order.