**MOTOROLA, INC., an Illinois corporation, Petitioner,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Respondents.**

**No. Civ 6906 PHX.**

United States District Court,
D. Arizona.

June 10, 1968.

Evans, Kitchel & Jenckes, Phoenix, Ariz., Robert V. Nystrom, Associate Counsel, Chicago, Ill., for plaintiff.

Julia P. Cooper, Atty., Equal Employment Opportunity Commission, Washington, D. C., for defendants.

## OPINION and ORDER

MUECKE, District Judge.

We have before us: (1) Motorola's Petition for Order Quashing or Modifying Demand for Access to Evidence and Compliance to Give Testimony Under Oath, (2) Motion to Vacate Notice of Deposition of Vicente T. Ximenes made by Respondent, Equal Employment Opportunity Commission, and (3) Respondent's Motion to Amend the Commissioner's Charge.

Briefly, the facts are that on October 21, 1968, two documents were served at 8201 East McDowell Road, Scottsdale, Arizona, on Rufus Coulter, Western Area Director of Personnel for Motorola, Inc. One document consisted of a sheet entitled "Commissioner's Charge" dated June 10, 1968, signed by Vicente T. Ximenes, Commissioner, with the additional legend, "Commissioner's Charge, TAL9C0165.[1]" It charged unlawful employment practices by Motorola, Inc., 3102 North 56th Street, Phoenix, Arizona, 85018, and further that

"[t]he employer violates Section 703 (a) (2) of the Civil Rights Act of 1964 by maintaining employment practices which virtually exclude Negroes and Spanish surnamed persons from employment."

The second document consisted of a sheet also entitled "Commissioner's Charge" but was undated and unsigned.[2] This charged unlawful employment practices against Motorola, Inc., 5005 McDowell Road, Phoenix, Arizona, and set forth facts upon which the charge was based. Thereafter, the Commission made oral demand for access to employment records and information and served a demand in writing on Motorola, Inc., 8201 East McDowell Road, Scottsdale, Arizona, Attention Mr. Rufus Coulter, Director of Personnel, Motorola, Inc., RE: Vicente T. Ximenes, Charge File No. TAL9C0165.[3] The demand makes it clear that all area affiliates were charged. Motorola thereupon filed, pursuant to 42 U.S.C. 2000e–9(c), a Petition for Order Quashing or Modifying Demand for Access to Evidence and Compliance to Give Testimony Under Oath. Respondent—E.E.O.C. answered the petition and cross-petitioned for an order enforcing the demand for access. Petitioner—Motorola filed a notice for the taking of Commissioner Ximenes' deposition. Respondent—Commission—moved to vacate the notice of taking Ximenes' deposition. Oral arguments were held on April 14, 1969, at which time Respondent orally moved to amend its charge by including the second page as a continuation of page one of the charge. This Court thereupon ordered the parties to brief the issue presented.

Respondent's oral motion to amend the Commissioner's Charge is granted. Petitioner has had, we feel, sufficient notice of the charge brought by the Commissioner. To give notice is, of course, the purpose of the charge. 42 U.S.C. § 2000e–5(a) [4]. That purpose is fulfilled by allowing the two documents to be construed as a single, two-page commissioner's charge. 1 Davis,

1. See Appendix A.

2. See Appendix B.

3. See Appendix C.

4. See Appendix D.

Administrative Law 523 et seq., N. L. R. B. v. Royal Palm Ice Co., 193 F.2d 569 (5th Cir. 1952).

■■ Respondent's Motion to Vacate Notice of Petitioner's taking Commissioner Ximenes' deposition is granted. Commission regulations 29 C.F.R. § 1610.20 and § 1610.30 to–.36 [5] prohibit a disclosure of the desired information. Furthermore, by analogy, as the reasoning by the Court in Local No. 104, Sheet Metal Workers International Assoc. v. Equal Employment Opportunity Commission, 303 F.Supp. 528 (N.D.Calif., 1969) makes clear, to allow the Commissioner's deposition to be taken would, at this point in the proceedings, require the Commissioner to reveal his sources of information and deter individuals from making complaints for fear of retaliation. This would violate Congressional intent. (See 110 Cong.Rec. 14188, 14191). Obviously, at some point in the proceedings, prior to any evidentiary hearing on the basic issues, the Commission would make available to petitioners herein, the witnesses and exhibits intended to be used to present the Commission's case. This disclosure, however, need not reveal the identity of those individuals who might have given the initial information.

■ Petitioner also seeks an order quashing or modifying demand for access to evidence and compliance to give testimony under oath. The petition alleges that (1) the evidence sought is not relevant and material to the charge and (2) the demand violates the Fourth Amendment. We find no merit in these contentions, Local No. 104, Sheet Metal Workers International Association, *supra*, except that the reference to "sex" in Item Three of the demand is stricken.

■ Petitioner also contends that the demand is not based on a valid Commissioner's Charge under § 706(d) of the Act because it is made 90 days after the alleged unlawful employment practice. We find no merit in this contention. The practice of discrimination, if it exists, is by its nature, a continuing violation. Petitioner also alleges that the Commission's own rules and regulations, found in 29 C.F.R. § 1601.11 [6] are violated. There is no merit in this contention. See Local No. 104, Sheet Metal Workers International Association, *supra*, and 1 Davis, Administrative Law, supra. Except to the extent the Commissioner's demand is modified by striking the reference to "sex", the petition to quash or modify the demand is denied and petitioners are ordered to comply with Respondent's Demand for Access to Evidence and Compliance to Give Testimony Under Oath.

### APPENDIX A.

### EXHIBIT A

### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON, D. C.   20506

Seal

### COMMISSIONER'S CHARGE

Pursuant to Section 706(a) of the Civil Rights Act of 1964, I charge the following employer with unlawful employment practices:

Motorola, Incorporated
3102 N. 56th Street
Phoenix, Arizona   85018

I have reasonable cause to believe that the employer is within the jurisdiction of the Equal Employment Opportunity Commission and that it has committed the following unlawful employment practices:

5. See Appendix E.

6. See Appendix F.

The employer violates Section 703(a) (2) of the Civil Rights Act of 1964 by maintaining employment practices which virtually exclude Negroes and Spanish surnamed persons from employment.

| June 10, 1968 | (s) Vicente T. Ximenes |
|---|---|
| Date | Commissioner |

COMMISSIONER'S CHARGE TAL9C0165

## APPENDIX B.

### COMMISSIONER'S CHARGE

Pursuant to Section 706(a) of the Civil Rights Act of 1964, I charge the following employer with unlawful employment practices:

> MOTOROLA INCORPORATED
> 5005 McDowell Road
> Phoenix, Arizona

I have reasonable cause to believe that the above employer is within the jurisdiction of the Equal Employment Opportunity Commission and that it has committed and is now committing the following unlawful employment practices:

1. The above employer violates Section 703(a) of the Civil Rights Act of 1964 by discriminating against Negroes, American Indians, and Spanish Surnamed Americans, male and female, with respect to hiring.

I base this charge on the following facts:

a) The above employer employs at its Phoenix, Arizona facilities a total of approximately 11,730 employees of whom 96 are Negro, 454 are Spanish Surnamed Americans, and 14 are American Indian.

b) It is alleged that the above employer discriminates against minority group job applicants by using biased pre-employment testing and hiring procedures.

c) It is alleged that the above employer refuses to hire males to work as electronics assemblers on the basis that the manual dexterity of females is superior to that of males.

d) It is alleged that the above employer discriminates against women by applying unfair character criteria related to the legitimacy of their children and not applying the same to male job applicants.

e) It is alleged that the above employer does not hire members of these minority groups to work at its Phoenix, Arizona facilities.

| Date | Commissioner |
|---|---|

## APPENDIX C.

### EXHIBIT B

### UNITED STATES OF AMERICA

### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DEMAND FOR ACCESS TO EVIDENCE AND COMPLIANCE TO GIVE TESTIMONY UNDER OATH

To: Motorola, Inc.　　　　　　RE: Vicente T. Ximenes
　　8201 East McDowell　　　　　Charge File No.
　　Scottsdale, Arizona　　　　　TAL9C0165

　　ATTN: Mr. Rufus Coulter
　　　　　Director of Personnel
　　　　　Motorola, Inc.

Pursuant to Section 710 of the Civil Rights Act of 1964, you and each of you are hereby required and directed to furnish RAY R. BACA, a duly authorized representative of the Equal Employment Opportunity Commission, at Motorola, Inc., 8201 East McDowell, Scottsdale, Arizona, and all its area affiliates, on November 20, 1968, the information within your possession or control as set forth below:

1. List of job openings from January 1, 1968, through present.

2. Job qualifications for all job classifications including laborers, service workers, and assemblers.

3. A list of existing job classifications with a staffing breakdown as to minority group composition and sex.

4. Copies of all tests used and the norms.

5. List of new hires from January 1, 1968, through present including job classification and specify race or ethnic grouping of each individual.

6. List of promotions from January 1, 1968 through present including job classification and specify race or ethnic grouping of each individual.

7. List of recruitment resources and copies of employment requests.

8. Total number of applicants and total number of applicants interviewed from January 1, 1968, through present and access to said applications upon Commission request.

9. Permission to interview under oath any agent or employee and examine any records of Motorola, Inc., relevant to Charge File No. TAL9C0165.

10. Permission to tour and observe employees at work in all facilities of Respondent in the area.

11. To provide copies of the latest expected EEO–1 forms.

If you fail to comply with this DEMAND, the Commission may cause said Commission to apply to the United States District Court for an order requiring compliance with the DEMAND, as provided for in Sections 709 and 710 of the Civil Rights Act of 1964, 42 U.S.C. 2000e(8–9).

IN TESTIMONY WHEREOF I have here-unto set the seal of the EQUAL EMPLOY-MENT OPPORTUNITY COMMISSION and have affixed my signature this 28th day of October, 1968.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Room 7515, Federal Building & U. S. Court House,
500 Gold Avenue S.W.
Albuquerque, New Mexico 87101

(s) TOM E. ROBLES
TOM E. ROBLES
Area Director
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

## APPENDIX D

§ 2000e—5. **Enforcement provisions— Charges by persons aggrieved or member of Commission; copy of charges to respondents; investigation of charges; conference, conciliation, and persuasion for elimination of unlawful practices; prohibited disclosures; use of evidence in subsequent proceeding; penalties**

(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred (and such charge sets forth the facts upon which it is based) that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization (hereinafter referred to as the "respondent") with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to elimi-nate any such alleged unlawful employ-ment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such endeavors may be made public by the Commission without the written consent of the parties, or used as evidence in a subsequent proceeding. Any officer or employee of the Commis-sion, who shall make public in any man-ner whatever any information in viola-tion of this subsection shall be deemed guilty of a misdemeanor and upon con-viction thereof shall be fined not more than $1,000 or imprisoned not more than one year.

## APPENDIX E

§ 1610.20 **Exemptions.**

(a) 5 U.S.C. 552 exempts from all of its publication and disclosure require-ments nine categories of records which are described in subsection (b). These categories include such matters as na-tional defense and foreign policy in-formation, investigatory files, internal procedures and communications, mate-rials exempted from disclosure by other statutes, information given in confi-dence, and matters involving personal privacy. The scope of the exemptions is discussed in the Attorney General's memorandum referred to in § 1610.4(b).

(b) Section 706(a) of the Act provides that the Commission shall not make public charges which have been filed. It also provides that (subsequent to the filing of a charge, an investigation, and a finding that there is reasonable cause to believe that the charge is true) nothing said or done during and as a part of the Commission's endeavors to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion may be made public by the Commission without the written consent of the parties; nor may it be used as evidence in a subsequent proceeding. Any officer or employee of the Commission, who shall make public in any manner whatever any information in violation of section 706(a) shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than 1 year.

(c) Section 709 of the Act authorizes the Commission to conduct investigations of charges filed under section 706, engage in cooperative efforts with State and local agencies charged with the administration of State fair employment practices laws, and issue regulations concerning reports and record-keeping. Subsection (c) of section 709 provides that it shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under section 709 prior to the institution of any proceeding under the Act involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of section 709(e) shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than 1 year. The Commission will, however, make available for inspection and copying some tabulations of aggregate industry, area, and other statistics derived from the Commission's reporting programs authorized by section 709(c) of the Act, where such tabulations have been previously compiled by the Commission and are available in documentary form, to the extent that such tabulations do not consist of aggregate data from less than three respondents, and do not reveal the identity of an individual or the dominant respondent in a particular industry or area in any manner.

### Subpart B—Production in Response to Subpenas or Demands of Courts or Other Authorities

### § 1610.30  Purpose and scope.

This subpart contains the regulations of the Commission concerning procedures to be followed when a subpena, order, or other demand (hereinafter in this subpart referred to as a "demand") of a court or other authority is issued for the production or disclosure of (a) any material contained in the files of the Commission; (b) any information relating to material contained in the files of the Commission; or (c) any information or material acquired by any person while such person was an employee of the Commission as a part of the performance of his official duties or because of his official status.

### § 1610.32  Production prohibited unless approved by the General Counsel.

No employee or former employee of the Commission shall, in response to a demand of a court or other authority, produce any material contained in the files of the Commission or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without the prior approval of the General Counsel.

### § 1610.34  Procedure in the event of a demand for production or disclosure.

(a) Whenever a demand is made upon an employee or former employee of the Commission for the production of material or the disclosure of information de-

scribed in § 1610.30, he shall immediately notify the General Counsel. If possible, the General Counsel shall be notified before the employee or former employee concerned replies to or appears before the court or other authority.

(b) If response to the demand is required before instructions from the General Counsel are received, an attorney designated for that purpose by the Commission shall appear with the employee or former employee upon whom the demand has been made, and shall furnish the court or other authority with a copy of the regulations contained in this part and inform the court or other authority that the demand has been or is being, as the case may be, referred for prompt consideration by the General Counsel. The court or other authority shall be requested respectfully to stay the demand pending receipt of the requested instructions from the General Counsel.

## § 1610.36 Procedure in the event of an adverse ruling.

If the court or other authority declines to stay the effect of the demand in response to a request made in accordance with § 1610.34(b) pending receipt of instructions from the General Counsel, or if the court or other authority rules that the demand must be complied with irrespective of the instructions from the General Counsel not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall respectfully decline to comply with the demand (United States ex rel. Touhy v. Ragen, 340 U.S. 462 [71 S.Ct. 416, 95 L.Ed. 417] (1951)).

## APPENDIX F

## § 1601.11 Contents; amendment.

(a) Each charge should contain the following:

(1) The full name and address of the person making the charge.

(2) The full name and address of the person against whom the charge is made (hereinafter referred to as the respondent).

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practice.

(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be.

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local authority charged with the enforcement of fair employment practice laws, and, if so, the date of such commencement and the name of the authority.

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments relate back to the original filing date. However, an amendment alleging additional acts constituting unlawful employment practices not directly related to or growing out of the subject matter of the original charge will be permitted only where at the date of the amendment the allegation could have been timely filed as a separate charge.

[31 F.R. 10269, July 29, 1966]