NATIONAL LABOR RELATIONS BOARD
v. CLARK SHOE CO.

No. 4550.

United States Court of Appeals
First Circuit.

June 19, 1951.

Bernard Dunau, Washington, D. C.
(George J. Bott, General Counsel, David P.

Findling, Associate General Counsel, A. Norman Somers, Asst. Gen. Counsel, and Frederick U. Reel and Maurice Alexandre, all of Washington, D. C., on the brief), for petitioner.

Maurice Epstein, Boston, Mass. (Benjamin E. Gordon and Gordon & Epstein, all of Boston, Mass., on the brief), for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

The National Labor Relations Board pursuant to the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., hereinafter called the Act, has petitioned this Court for the enforcement of its order against the respondent, Clark Shoe Company, Auburn, Maine.

The petition alleges that unfair labor practices occurred within this judicial circuit and that the Board on March 9, 1950, issued an order directed to the respondent to cease and desist from refusing to bargain with United Shoe Workers of America, C.I.O., as the exclusive representatives of certain employees of the respondent and further ordered respondent to bargain collectively with the said Union.

The only relevant contentions we need to consider are those relating to the respondent's motion to dismiss the complaint on the ground that the charge, pursuant to which the complaint was issued, was filed by a labor organization, the Shoe Workers, whose parent body, the Congress of Industrial Organizations, had not complied with § 9(h) of the Act, citing N.L.R.B. v. Postex Cotton Mills, May 5, 1950, 26 LRRM 2116. This motion was received by the Board on May 29, 1950, and denied on June 13, 1950, in conformity with the order in Bethlehem Steel Company, Shipbuilding Division, 89 NLRB No. 210.

It appears that each of the officers of the Shoe Workers Union had executed a non-communist affidavit as required by § 9(h) of the Act by March 23, 1948, when the Union brought its petition for certification of representatives. However, the C.I.O., of which the Union is an affiliate, did not comply with that section of the Act until December 22, 1949.

The charge of unfair labor practices was filed by the Union on June 21, 1949, and the Board issued a complaint dated June 22, 1949, against the respondent alleging unfair labor practices. The charge is in substance that the respondent has refused to bargain collectively with the Union as the alleged exclusive representative of certain employees.

In the instant case the respondent moved to dismiss the complaint on the ground that the C.I.O., the parent federation of the charging Union, had not complied at the time of the issuance of the complaint, with the filing requirements of § 9(h) of the Act.

The respondent's objection to the issuance of a complaint was raised for the first time on May 29, 1950, after the Board's order of March 9, 1950. The Board denied the respondent's motion to dismiss on June 13, 1950.

The case of National Labor Relations Board v. Highland Park Mfg. Co., 71 S.Ct. 758, 760, answers quite completely at least two of the contentions of the petitioner in this case, namely, that the C.I.O. is not "a national or international labor organization" and that "subsequent compliance of the C.I.O. has cured any defect which may have originally inhered in the Union's capacity to invoke the Board's aid."

The Supreme Court in the Highland Park Mfg. Co., case, supra, said:

"* * * The C.I.O., being admittedly a labor union and one of nation-wide jurisdiction, operation and influence, is certainly in the speech of people a national union, whatever its internal composition. * * *

"* * * While the C.I.O. officers have since filed the affidavits, they were not on file at any time relevant to this proceeding.

"* * * The Board is a statutory agency and, when it is forbidden to investigate or entertain complaints in certain circumstances, its final order could hardly be valid. * * *"

■ The subsequent filing of affidavits by the officers of the C.I.O. did not validate

the order of the Board in the complaint proceedings in the Highland Park Mfg. Co. case. In view of that decision, we cannot avoid the conclusion in this case that the Board's proceedings here are also invalid. The Board's order to "cease and desist", etc. was issued on March 9, 1950, that is, about 2½ months after the national officers of the C.I.O. had filed their affidavits on December 22, 1949. But it is also a fact that the compliance of the national officers of the C.I.O. with the provisions of § 9(h) of the Act did not come until after the Board had acted in this case.

As we view this case in relation to the Highland Park Mfg. Co. case, supra, the proceedings of the Board are invalid because of the failure of the national officers of the C.I.O. to comply with § 9(h) until December 22, 1949. The certification proceedings began in March, 1948; the charge of unfair labor practices was filed by the Union on June 21, 1949 and the Board issued its complaint June 22, 1949. The language of § 9(h) is too clear for any other interpretation.

The petitioner's contention that the respondent did not raise the issue in time is without merit. Sec. 10(d) of the Act provides: "Until a transcript of the record in a case shall have been filed in a court * * * the Board may at any time, * * modify or set aside, in whole or in part, any finding or order made or issued by it."

The respondent's motion to dismiss the complaint was made to the Board and it was denied not because of untimeliness, but because the Board adhered to its previous position. In any event, the Board had already made its position clear in Northern Virginia Broadcasters, Inc., 75 NLRB 11, on this particular objection so that the raising of it would appear to have been futile. The respondent's motion to dismiss on May 29, 1950, was inspired by the Postex case which was decided May 5, 1950, holding a contrary view to that of the Board.

The petitioner's argument that an employer has no standing to raise the issue of compliance with § 9(h) of the Act is likewise without merit. The dismissal in at least one case was based on the issue of non-compliance which was raised by the employer. National Labor Relations Board v. Postex Cotton Mills, 5 Cir., 181 F.2d 919; see also National Labor Relations Board v. Highland Park Mfg. Co., 4 Cir., 184 F.2d 98, affirmed, 71 S.Ct. 758.

In accordance with the decision of the Supreme Court in National Labor Relations Board v. Highland Park Mfg. Co., supra, the petition for enforcement of the order of the Board must be denied. The same result was reached in National Labor Relations Board v. J. I. Case Co., 189 F.2d 599, decided by the Court of Appeals for the Eighth Circuit June 5, 1951, in which case the C.I.O. complied with the requirements of § 9(h) by filing the non-communist affidavits after the issuance of the Board's unfair labor practice complaint, but before the date of the issuance of the Board's order directing the company to bargain collectively with the Union.

A decree will be entered dismissing the Board's petition.