**NATIONAL LABOR RELATIONS BOARD
v. DANT et al.**

No. 12985.

United States Court of Appeals
Ninth Circuit.

March 20, 1952.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Norton J. Come, Morris A. Solomon, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

R. S. Smethurst, R. S. Haslam, Washington, D. C., John T. Casey and Casey, Kriesien & Palmer, all of Portland, Or., for respondent.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

The National Labor Relations Board has petitioned this court to enforce an order issued by the Board in a proceeding against respondents, Thomas W. Dant and others, partners doing business as Dant & Russell, Limited. Answering the petition, respondents pray that it be denied and that the order be vacated.

The proceeding was initiated by International Woodworkers of America, Local 6-7, a labor organization hereafter called the union, which was at all pertinent times an affiliate of the Congress of Industrial Organizations, a national labor organization hereafter called the C.I.O. The union initiated the proceeding on August 3, 1949, by making and filing with the Board a charge under subsection (b) of § 10 of the National

Labor Relations Act, as amended, 29 U.S. C.A. § 160, thereby charging that respondents had engaged and were engaging in unfair labor practices listed in § 8 of the Act, as amended, 29 U.S.C.A. § 158. On March 28, 1950, the Board issued a complaint pursuant to the charge. On that complaint, after notice and hearing, the Board issued the order here sought to be enforced.

Subsection (h) of § 9 of the Act, 29 U.S. C.A. § 159, provides that "no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10 of this Act [29 U.S.C.A. § 160] unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods." For brevity's sake, such affidavits are hereafter called non-Communist affidavits.

As indicated above, the complaint in this proceeding was issued on March 28, 1950, pursuant to a charge made by a labor organization (the union) under subsection (b) on August 3, 1949. There were on file with the Board on August 3, 1949, non-Communist affidavits executed by the officers of the union. However, there were not on file with the Board on August 3, 1949, non-Communist affidavits executed by the officers of the national labor organization (the C.I.O.) of which the union was an affiliate. Therefore the Board was not empowered to entertain the charge or to issue the complaint or the order. See subsection (h), supra; N. L. R. B. v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969; N. L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F.2d 919; N. L. R. B. v. J. I. Case Co., 8 Cir., 189 F.2d 599; N. L. R. B. v. Clark Shoe Co., 1 Cir., 189 F.2d 731.

Non-Communist affidavits executed by the officers of the C.I.O. were filed with the Board in December, 1949—long after the charge was made—and were on file with the Board when the complaint was issued. However, they had no retroactive effect and hence did not validate the charge or empower the Board to entertain it or to issue the complaint or the order. See N. L. R. B. v. Highland Park Mfg. Co., supra; N. L. R. B. v. J. I. Case Co., supra; N. L. R. B. v. Clark Shoe Co., supra.

Petition denied and order set aside.