**NATIONAL LABOR RELATIONS BOARD
v. AMERICAN THREAD CO.**

No. 13883.

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Fannie M. Boyls, Atty., National Labor Relations Board, A. Norman Somers, Asst. Gen. Counsel, D. P. Findling, Associate Gen. Counsel, Washington, D. C., for petitioner.

Frank A. Constangy, Atlanta, Ga., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The order sought to be enforced by the National Labor Relations Board by this proceeding is directed against The American Thread Company, Tallapoosa, Georgia. Enforcement of the order would require respondent to cease and desist from specified acts of unfair labor practices. The complaint from which this order resulted was issued on October 31, 1950, following an original and an amended charge filed against respondent by the Textile Workers Union of America, affiliate of the Congress of Industrial Organizations, on August 12th, 1949, and September 22nd, 1949, respectively. These charges alleged violations of Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1) and (3), which occurred on August 2, 4, and 19, 1949.

In resisting enforcement of the order respondent urges that enforcement should be denied because at the time the original and amended charges were filed against it the Congress of Industrial Organizations had not complied with Section 9(h) of the Act, 29 U.S.C.A. § 159(h), and that therefore the complaint issued on the basis of such charges was issued in violation of that section of the Act. The Congress of Industrial Organizations did comply with Section 9(h), supra, in December, 1949,

138

before the complaint was issued.[1] The respondent contends that such compliance did not have the retroactive effect of validating the charges or empowering the Board to entertain them, or to issue the complaint or order. N. L. R. B. v. Dant, 9 Cir., 195 F.2d 299.

 In N. L. R. B. v. Dant, supra, the Court of Appeals for the Ninth Circuit, under a similar factual situation, held that a charge made by a labor organization at a time when the Congress of Industrial Organizations, of which it was an affiliate, was not in compliance with Subsection (h) of § 9, supra, could not be made the predicate for the issuance of a complaint by the Board, although the Congress of Industrial Organizations complied with the requirements of that subsection prior to the date of the issuance of the complaint. The Board contends that the decision is unprecedented and that this construction is contrary to a "spontaneous textual reading" of the statute. In N. L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F.2d 919, 920, this Court had occasion to consider the purpose of Congress in enacting the statute in question and concluded that it was with the intent to "wholly eradicate and bar from leadership in the American labor movement, at each and every level, adherents to the Communist party and believers in the unconstitutional overthrow of our Government."

In the Board argues that the statute should be construed to place a limitation upon its power to issue a complaint in cases where a charge has been filed by a non-complying labor organization and not to disqualify a non-complying labor organization from filing charges. But the broad purpose of the Act covers both situations. The statute withdraws from its creature, the Board, the power to employ its processes in aid of a non-complying union, and likewise evidences the clear purpose to disentitle and exclude such non-complying union from setting in motion the processes of the Board. Both of these results are necessary to insure complete effectuation of the Congressional intent. Congress intended to remove from the protection of the Act those labor organizations which could not, or would not, bring themselves into compliance and thereby withheld from such organizations not only the processes of the Board, but also the benefits of the Act. N. L. R. B. v. Postex Cotton Mills, supra; N. L. R. B. v. J. I. Case Co., 8 Cir., 189 F.2d 599. Inasmuch as the charges were filed at a time when the union was not in compliance, and since the subsequent compliance had no retroactive effect to give legal substance to the charges, or empower the Board to issue the complaint, the order of the Board is unauthorized and can not be enforced. N. L. R. B. v. Dant, supra, and cases cited.

The petition for enforcement is denied and the order of the Board is set aside.

---

1. N. L. R. B. v. Highland Park Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969; N.

L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F.2d 919.