## NATIONAL LABOR RELATIONS BOARD v. AMERICAN THREAD CO.

No. 13883.

United States Court of Appeals. Fifth Circuit.

May 6, 1953.

Fannie M. Boyls, Atty., N. L. R. B., A. Norman Somers, Asst. Gen. Counsel, and D. P. Findling, Assoc. Gen. Counsel, Washington, D. C., for petitioner.

Frank A. Constangy, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

**170**

RUSSELL, Circuit Judge.

When this petition for enforcement was originally before us [1] there was no occasion to discuss the merits of the Board's decision for, following the decision in N. L. R. B. v. Dant, 9 Cir., 195 F.2d 299, we held that the Board had no authority to issue the complaint because the charging union was not in compliance with section 9(h) of the National Labor Relations Act [2] at the time the charges were filed. Upon reversal of our judgment by the Supreme Court,[3] based upon its decision in the Dant case,[4] the petition for enforcement is now before us for decision upon the merits.

■ The Board approved and adopted the finding of the Trial Examiner that the respondent had violated section 8(a)(1) of the Act by interfering with the peaceful distribution of union literature at the entrances to its mill at Tallapoosa, Georgia, by instigating, authorizing and encouraging its Tallapoosa employees to assault union organizers and employees on August 2nd and 4th, 1949, and by ratifying and condoning similar activities on August 2, 4 and 19, 1949. There is no denial that on the dates in question specified non-supervisory employees of the respondent forcibly drove away from the respondent's plant gates persons who were peaceably distributing union literature to the respondent's employees just before and at the shift changing time in the afternoon. Those who sought to distribute the literature were striking employees of respondent's Dalton, Georgia plant, who were members of the Textile Workers Union of America, C. I. O. The matter in dispute was whether the employer was responsible for the assaults which were concededly made. The finding as to instigation and encouragement of the August 2nd and 4th occurrences by the Trial Examiner and the Board resulted from the weight given to circumstances and direct testimony which implicated the respondent's assistant superintendent in the preparation for, and the launching of, the attack by the Tallapoosa employees upon the Dalton employees attempting to distribute literature at the plant gates. The assistant superintendent, who had in the meantime left the respondent's employ, denied any prior knowledge of, or implication in, the assaults. There was direct testimony to the contrary. This was credited by the Trial Examiner. We find no occasion to disturb his finding or the Board's approval of it.

■ The Trial Examiner and the Board absolved the respondent of any direct responsibility for initiating the assault of August 19th by one of its employees upon another Dalton striking employee at the same gate and at the same shift change time. Apparently, in striking a blow or blows with his fist the hand of the assailant was injured and though he reported for work the next day there was testimony to the effect that he was unable to work because of his injury, but nevertheless was paid for such day and subsequent ones when he did not work. The Board found that this was a ratification of his prior conduct since there was no reprimand or discipline imposed. It found that in each of the altercations the Tallapoosa employee had violated specified rules of the respondent and that the respondent's failure to in anywise reprimand or discipline any of the participating employees evidenced condonation and ratification of their conduct which improperly prevented the Dalton employees from peaceably distributing union literature. It rejected the contention of the respondent that a letter written on August 24th to each of its employees evidenced respondent's disapproval of the attacks. Respondent takes issue with these findings and vigorously contends that it was in no wise responsible for any of the attacks which took place on the street outside its property and by employees whose working hours had ended for the day. It challenges the veracity of the several witnesses testifying to the respondent's assistant superintendent's direct participation in the first two assaults and the evidentiary worth of the alleged incriminating circumstances developed by their testimony.

1. 5 Cir., 198 F.2d 137.

2. 29 U.S.C.A. § 159(h).

3. 344 U.S. 924, 73 S.Ct. 390.

4. 344 U.S. 375, 73 S.Ct. 375.

This is a typical instance of conflicting evidence where the result is determined by the weight which the fact finding tribunal accords to conflicting testimony and the permissible inferences which may be drawn from the circumstances thereby disclosed. Upon consideration of it, we are of the opinion that the findings and conclusions of the Board are supported by substantial evidence on the record considered as a whole, and accordingly we direct enforcement of the Board's order.

Enforcement granted.