**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GIBBS CORPORATION and Southern Shipbuilding, Inc., Division of Gibbs Corporation, Respondents.**

No. 18795.

United States Court of Appeals Fifth Circuit.

Jan. 2, 1962.

Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Atty., Stuart Rothman, Gen. Counsel, Samuel M. Singer, Atty., N. L. R. B., Washington, D. C., for petitioner.

Albert S. C. Millar, Jr., Hamilton & Bowden, Jacksonville, Fla., for respondents.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

JONES, Circuit Judge.

The National Labor Relations Board has petitioned for the enforcement of its order directed to the respondents. At the time of the occurrences from which the Board's order stemmed, the respondents operated a shipyard at Jacksonville, Florida. Its employees had been represented for a number of years by the Independent Workers Union of Florida. Repeated but unsuccessful organizational efforts had been made by Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO, which will here be referred to as the Union. On August 8, 1959, two Union organizers went to the shipyard where, among other activities, they were distributing leaflets which are referred to by Board counsel as "literature," as a part of the effort to procure membership. The Union organizers supposed they were in a street but in fact were on Gibbs' property. There was an exchange between the Union organizers and officers of the Independent Union of hyphenated insults and other vulgarity as well as of threats. On the afternoon of August 10 the Union organizers, three in number, returned to the shipyard and resumed the distribution of leaflets or handbills. Representatives of the respondents' management informed them they were on private property and ordered them to leave. The organizers retired and sent for a police officer to inform them as to the location of the Gibbs property line.

On the night of the 10th of August five representatives of the Union came to the streets adjacent to the shipyard.

There is a wide variance between the recitals of the witnesses for General Counsel and those for the respondents as to the occurrences. There was a brawl and some of the Union representatives received injuries. These were made the basis of charges against the respondents. The respondents contended before the Board and renew their contention here that the Union organizers came to the respondents' plant looking for a fight with the officers and adherents of the Independent Union, and that they succeeded in the realization of their objective. The respondents characterize the incident as a scuffle in which the only role played by the respondents' management was that of peacemakers. The Board found, with substantial supporting evidence, that there was an unprovoked attack made upon the Union men which was directed and participated in by supervisory personnel of the respondents. The Board's order, which it here seeks to enforce, directs the respondents to cease and desist "from assaulting, beating or otherwise engaging in physical violence, or inciting, encouraging or assisting others to assault, beat or otherwise engage in physical violence, for the purpose of discouraging membership in, or activities on behalf of, any labor organization of their employees; and in any like or related manner interfering with, restraining or coercing their employees in th exercise of the rights guaranteed in Section 7 of the Act." The respondents were also directed, by paragraph 2(a) of the Order, to "take all reasonable and prudent steps to afford all persons lawfully on or about their shipyards adequate protection at all times from intimidation, physical assaults, beatings, and threats of physical violence, directed at discouraging membership in Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO, or in any other labor organization. The customary provision for the posting of notices was incorporated in the order. The respondents urge that there is no substantial evidence on the record as a whole to support the Board's findings, and make the

contention that the facts do not warrant the issuance of such a board order.

 It is unnecessary that detailed recitals of the evidence be made. Inflicting, or inciting the inflicting of, violence upon union adherents to prevent or discourage union activity is an unfair labor practice. N. L. R. B. v. Newton, 5th Cir., 1954, 214 F.2d 472; N. L. R. B. v. American Thread Co., 5th Cir., 1953, 204 F.2d 169; N. L. R. B. v. Dorsey Trailers, Inc., 5th Cir., 1950, 179 F.2d 589. There was a wide cleavage between the story of respondents' witnesses and that related by the Union representatives. That the recollection of some of the witnesses was faulty will not be questioned. Nothing is here present calling for the application of any modification of the general rule that in such situations as the one before us, determinations of questions of credibility are for the Board. N. L. R. B. v. Pittsburgh Steamship Co., 337 U.S. 656, 67 S.Ct. 1283, 93 L.Ed. 1602; N. L. R. B. v. Robbins Tire & Rubber Co., 5th Cir., 1947, 161 F.2d 798; N. L. R. B. v. West Point Manufacturing Co., 5th Cir., 1957, 245 F.2d 783; Sardis Luggage Co. v. N. L. R. B., 5th Cir., 1956, 234 F.2d 190. It is enough for our purpose to repeat that there is substantial evidence on the record as a whole to support the findings of fact, and this being so the Board's findings are not to be disturbed. N. L. R. B. v. West Point Manufacturing Co., supra; N. L. R. B. v. Newton Co., 5th Cir., 1956, 236 F.2d 438; N. L. R. B. v. Nabors, 5th Cir., 1952, 196 F.2d 272. The "cease and desist" portion of the Board's order should be enforced.

 We are of the view that the Board's order goes beyond the necessities of the case in directing the respondents to provide protection to all persons lawfully "on or about" their shipyard from intimidation, assault and threats directed at discouraging union membership. The respondents are prohibited from violence and inciting to violence in connection with labor organizational activity, and from interfering in any like or related manner with the rights of their employees under Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. It seems clear that no violence or other like or related acts occurred on the shipyard property of the respondents. They should not be required, upon the facts of this record, to assume a responsibility for the acts of those who are not of its executive or supervisory personnel or which it has not incited, encouraged or assisted. We do not think the respondents should be exposed to a citation for contempt of this Court in the event the adherents of rival unions, either singly or in groups, should get into a fight either "on" the respondents' property or somewhere "about" the respondents' property unless done, incited, encouraged, or assisted by the respondents.

Enforcement of paragraph 2(a) will be denied. Reference to the subject matter of that paragraph should be deleted from the notice which the order requires. The remainder of the Board's order will be enforced.

Enforcement denied in part, granted in part.