**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEXAS BOLT COMPANY, Respondent.**

No. 19652.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1963.

**762**

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Joseph C. Thackery, Atty., N. L. R. B., Washington, D. C., Stuart Rothman, Gen. Counsel, Melvin Pollack, Atty., National Labor Relations Board, for petitioner.

W. D. Deakins, Jr., Houston, Tex. (Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel), for respondent.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

The case here involves the question of whether there is substantial evidence to support the findings of the Examiner on two main fact issues which have been raised by the evidence and exceptions filed after adverse findings by the Trial Examiner which were affirmed by the National Labor Relations Board. Those questions are as follows:

1. Whether three employees of Texas Bolt Company (Texas Bolt) who were instrumental in organizing a labor organization known as the Independent Steel Workers Union (Independent) were supervisors as defined by the provisions of Sec. 2 (11) of the National Labor Relations Act, 29 U.S.C.A. Sec. 152(11); and whether certain conversations carried on by them with supervisory personnel were protected as free speech; and

2. Whether the employment of Pavlicek was terminated, as charged by respondent, to make an opening for Meek, a senior employee who was in severe financial difficulties and who had been terminated out of seniority by mistake, in view of the circumstances that when Meek did not report for duty, the job was never filled because the type of work Meek would have done was discontinued for economic reasons, or whether Pavlicek was terminated for union activity.

It is respondent's position (1) that, if the organizers of the Independent were nonsupervisory personnel and the statements made by supervisory personnel were personal opinions offered in the exercise of free speech, the Examiner's finding of support and domination of the Independent was not based on substantial evidence; and (2) if Pavlicek was terminated to make room for a senior employee, the Examiner's finding that he was discharged for union activity is not supported by the evidence.

■ Texas Bolt is a small organization, engaged in the manufacture and sale of nuts and bolts, which has grown and as it grew, the International Association of Machinists (IAM) organized the employees, and, after an election was held, was certified and entered into a contract with Texas Bolt covering wages, hours and other conditions of employment.

Respondent insists that the evidence clearly shows that for one reason or the other some of the employees concluded that the IAM did not adequately represent the employees of Texas Bolt as they had hoped, and Womack, Blacerek and Zievert, believing that they might be able better to represent the employees in negotiations with management as members of an independent union, organized what is known as the Independent Steel Workers Union (Independent).

The only witness who testified with any definity as to the timing of the United Steel Workers campaign stated that he signed a card for that union on March 22, 1961, or six days after the petition was circulated. Thus it appears that the campaigns of the Independent and the United Steel Workers (USW) were carried on approximately simultaneously, although the Independent's may have been a few days prior in time.

It is respondent's further position that, other than the fact, of which the Board makes much, that some time in the middle of March, 1961, John Price, the Personnel Manager of Texas Bolt, who had been the principal negotiator of a contract with the IAM and had carried on negotiations with L. G. King, the representative of the IAM who was servicing the contract with Texas Bolt, inquired of Mr. King as to whether the IAM was passing out literature at the plant, there was no showing of any knowledge of an organizational campaign by officers of Texas Bolt.

The significance of the question whether Womack et al., who were active in organizing the Independent, were supervisors is not that the statute forbids supervisors to organize a union. It is that the act, in defining employees, provides that "supervisors" are not employees and aligns them with employers and, therefore, if the three men responsible for organizing the union were actually supervisors under the statute, their activity in forming the union would be treated as company activity and the union they formed as company organized.

While the evidence in this case is by no means conclusive that these three organizers, within the definition of Sec. 2(11) of the Labor Management Relation Act of 1947,[1] were supervisors, there is, we think, certainly evidence from which the Board could have found: that they were such;[2] and, in connection with the other evidence in the case, that the Independent was company organized.

■■ On the second question in the case as to whether Pavlicek was discharged for his activities in connection with the organizing efforts of the Steel Workers Union, we think the same thing is true. It is certainly true that under the statute it is unnecessary for an employer to justify the discharge of an employee so long as the discharge is not for union activity. N. L. R. B. v. Union Mfg. Co., 124 F.2d 332; N. L. R. B. v. Alco, 133 F.2d 419; N. L. R. B. v. Caroline Mills, 167 F.2d 212. The United States Code Congressional Service, Labor Managements Relation Act, 80th Congress, 1st Session, 1947, pp. 1137–1141. However, the Board is not compelled to accept the ground for discharge given by an employer when, under the evidence taken as a whole, there is reasonable cause for believing that the ground put forward by the employer was not the true one and the ground was because of union activity. In the light of the statute and the decisions on this matter, we are of the clear opinion that it cannot be said that the Board's finding and order that Pavlicek was discharged for union activity were not supported by substantial evidence on the record considered as a whole, and, therefore, that the order as a whole must be enforced.

Enforced.

1. Sec. 2(11) defines a supervisor in the following manner:
"The term 'supervisor' means any individual with authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

2. "Legal Meaning of 'Supervisor' Under Taft-Hartley", Labor Law Journal, Feb. 1962, page 130 et seq.