NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

TRANSWAY, INC., Respondent.

No. 26059.

United States Court of Appeals
Fifth Circuit.

April 3, 1969.

Rehearing Denied May 19, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Joseph A. Yablonski, Atty., N. L. R. B., Washington D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Leonard M. Wagman, Attys., N. L. R. B., for petitioner.

Andrew P. Carter, Chas. King Mallory, Monroe & Lemann, Eugene G. Taggart, New Orleans, La., for respondent.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

**PER CURIAM:**

The National Labor Relations Board found that Transway, Inc. had violated Section 8(a) (1) of the Act by coercively interrogating employees covering their union activities, threatening to close its business in the event the vote was favorable to the union representative, and soliciting employees to inform the company as to the union activities and sympathies of other employees.

The Board also found in agreement with the Trial Examiner that the Company discharged employees Theodore Switzer and Louis Bryant because of their union activities and thereby violated Section 8(a) (3) and (1). The Board's Order [1] directs the Company to cease and desist from committing the unfair labor practices found, or in any like or related manner interfering with, restraining or coercing its employees in the exercise of their right to self-organization. Affirmatively, the order requires the Company to offer reinstatement to employees Switzer and Bryant, to make them whole for wages lost as a result of the discrimination against them, and to post the usual notices.

The Company opposes the Board's Order on the basis that the credibility determinations made by the Trial Examiner and accepted by the Board should be rejected. The general rule is that determinations of questions of credibility are for the Board, NLRB v. Gibbs Corp., 297 F.2d 649 (5th Cir. 1962); NLRB v. Nabors, 196 F.2d 272 (5th Cir. 1952); however, credibility determinations made by the Board are subject to judicial review and may be rejected where contrary to "sound reason." NLRB v. Florida Citrus Canners Cooperative, 311 F.2d 541 (5th Cir. 1963); NLRB v. Elias Brothers Big Boy, Inc., 327 F.2d 421 (6th Cir. 1964); NLRB v. Audio Industries, 313 F.2d 858 (7th Cir. 1963). Generally the Company argues that the Board's credibility determinations are prejudicial because the testimony of employees Bryant, Switzer and

I. R. 100–103, 112–114.

Strother was credited whereas the management's testimony was discredited. Although it does appear that on most crucial issues the credibility issues were resolved against the Company, the credited testimony does not appear unreasonable, the Trial Examiner did not appear to be biased, and the testimony on most issues was sharply conflicting. In such a situation, the determinations of the Trial Examiner are entitled to great weight for it is he who can view the demeanor of the witnesses. Accordingly, we find that the credibility determinations of the Board were not unreasonable and should be accepted.

 Further as to the interrogation of employees covering their union activities and the discharge of employees Switzer and Bryant, we find substantial evidence in the record to support the Board's findings. See NLRB v. Camco, 340 F.2d 803 (5th Cir. 1965); NLRB v. Texas Bolt Co., 313 F.2d 761, 763 (5th Cir. 1963); NLRB v. WTVJ, Inc., 268 F.2d 346, 347–348 (5th Cir. 1959); NLRB v. Jefferson Stores, Inc., 355 F.2d 926 (5th Cir. 1966).

The Board's petition for enforcement is granted.