**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MRS. BAIRD'S BREAD, DALLAS, Respondent.**

**No. 27481**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Dec. 16, 1969.

Elmer P. Davis, Director, Region 16, N. L. R. B., Fort Worth, Tex., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Leonard M. Wagman, Michael F. Messitte, Attys., N. L. R. B., Washington, D. C., for petitioner.

Edward L. Kemble, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Tex., for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

The National Labor Relations Board found that Mrs. Baird's Bread, of Dallas, Texas, had violated § 8(a) (1) of the National Labor Relations Act by coercively interrogating L. T. Mason about his Union activities and that § 8(a) (3) and (1) of the Act had been violated in the demotion of L. T. Mason for similar reasons, 171 N.L.R.B. No. 26.

The sole issue on this petition for enforcement is whether the findings are supported by substantial evidence on the record as a whole.

Much of the evidence, and the inferences reasonably to be drawn therefrom, are in direct conflict. Neverthe-

less, taking into consideration the credibility determinations and choice of inferences which devolve upon the Board, we have no doubt that the findings are amply supported. See, in particular, N. L. R. B. v. Gibbs Corporation, 5 Cir., 1962, 297 F.2d 649, 651; N. L. R. B. v. Monroe Equipment Company, 5 Cir., 1968, 392 F.2d 559, 561.

It necessarily follows that the Order will be

Enforced.