**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**IMPERIAL BEDDING COMPANY, Respondent.**

No. 75–2042
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., Louis V. Baldovin, Jr., Director, Region 23, N.L.R.B., Houston, Tex., for petitioner.

Lawrence H. Clore, Houston, Tex., for respondent.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

**PER CURIAM:**

The Board has petitioned this Court for enforcement of its order that Employer, Imperial Bedding Company, reinstate two employees and make whole five other employees who were found wrongfully discharged. We accept the findings of the ALJ as adopted by the Board that the employees were engaged in activity protected by § 7 of the Act (29 U.S.C.A. § 157), were discharged in violation of § 8(a)(1) of the Act, and were wrongfully refused reinstatement. We enforce.

The seven employees left work on a Friday morning in protest over the suspension of a fellow employee. When they returned to work four days later they were refused reinstatement because their positions had been filled by replacements or because the Company had determined that their jobs were no longer necessary.[1]

██ The employees claim that they were fired on Friday by Employer's president after he learned of their planned walkout. If they were fired it was an

---

1. Five of the seven employees had been rehired by the time of the hearing.

unlawful discharge requiring reinstatement. The discharge of a striking employee is discriminatory if the strike is a protected activity, and the employer commits an unfair labor practice in discharging the employees engaging in the activity. *NLRB v. Hilton Mobile Homes,* 8 Cir., 1967, 387 F.2d 7, 9; *Collins Baking Co. v. NLRB,* 5 Cir., 1951, 193 F.2d 483, 486. It is settled that a strike in protest of the suspension of a fellow employee is protected activity. *NLRB v. Holcombe,* 5 Cir., 1963, 325 F.2d 508, 511.

The Company argues that there was no substantial evidence supporting the ALJ's finding that the employees were fired when they announced their intention to leave work in protest over the suspension. There is considerable contradictory testimony concerning the precise words spoken by Employer's president on Friday morning. The ALJ credited the testimony of the three aggrieved employees and did not credit the testimony of Employer's officials. This Court is normally bound by the credibility choices of the ALJ adopted by the Board. *Nabors v. NLRB,* 5 Cir., 1963, 323 F.2d 686, 692. In making a credibility choice among several interested witnesses the ALJ has the opportunity to observe demeanor, and therefore his decision must be given great weight and accepted unless it is contrary to sound reason. *Bob's Casing Crews, Inc. v. NLRB,* 5 Cir., 1972, 458 F.2d 1301, 1303; *NLRB v. Transway, Inc.,* 5 Cir., 1969, 410 F.2d 368, 369. Looking at the record as a whole we conclude that there is substantial evidence to support the Board's findings.

Employer also claims that one of the participants, Ms. Guiterrez, was a supervisor rather than an employee and that she, therefore, was not covered by the Act. 29 U.S.C.A. §§ 151, 152(3), (11). The ALJ's finding that Ms. Guiterrez was an employee is amply supported by the testimony as to her duties and responsibilities. She was paid by the hour, normally had only one or two other employees in her department, and had at most authority to suggest disciplinary action against another employee. It was clearly correct for the ALJ to conclude that Ms. Guiterrez did not possess the necessary authority to use "independent judgment" as is required by the definition of supervisor in § 2(11) of the Act.

Enforced.